IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK COLLINS, INC., <br> Plaintiff, | * <br> * <br> * |
| v. | *    Civil Action No. 11-cv-01773-AW |
| BEVERLY J. SANGSTER, <br> Defendant. | * <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### Memorandum Opinion

Presently pending before the Court is Plaintiff's Motion for Default Judgment against Defendant Beverly J. Sangster, pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. No. 35. Defendant was properly served on December 16, 2011, *see* Doc. No. 28, and failed to plead or otherwise defend as directed in the Summons and as provided by the Federal Rules of Civil Procedure. The Clerk of the Court thereafter issued an Order of Default as to Defendant. *See* Doc. No. 32. The issues have been fully briefed and the Court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the Court grants Plaintiff's Motion as follows: (1) Plaintiff is awarded statutory damages under 17 U.S.C. § 504(c)(1) in the total amount of $6,000; (2) Plaintiff is awarded costs in the amount of $500 and attorney's fees in the amount of $540.20, pursuant to 17 U.S.C. § 505; and (3) Plaintiff is awarded permanent injunctive relief pursuant to 17 U.S.C. §§ 502 and 503.

### I.    BACKGROUND

On June 28, 2011, Plaintiff brought this action for copyright infringement in violation of 17 U.S.C. §§ 106 and 501, seeking statutory damages, permanent injunctive relief, and attorney's

fees and costs, pursuant to 17 U.S.C. §§ 502–505. *See* Compl. ¶¶ 2, 61. Plaintiff owns the United States copyright and exclusive rights to the motion picture "Big Wet Asses 17", Registration Number PA0001691539, which was registered on or about August 6, 2010. Compl. ¶¶ 11-12; Doc. No. 1 Ex. 2. The Complaint and attached documents allege that on February 4, 2011, Defendant, without Plaintiff's permission or consent, began using BitTorrent to upload and download Plaintiff's copyrighted motion picture. Compl. ¶¶ 28-29. Additionally, Plaintiff alleges that Defendant has used BitTorrent to pass along the copyrighted file to others and has continued to distribute the copyrighted work. Compl. ¶¶ 33, 35. As such, Defendant has infringed on Plaintiff's exclusive rights to reproduce and distribute the copyrighted motion picture, and by virtue of the BitTorrent system, will continue such infringement. Plaintiff contends that Defendant's infringement was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2). Compl. ¶ 50.

In its Motion for Default Judgment, Plaintiff seeks: (1) statutory damages pursuant to 17 U.S.C. § 504(c) in an amount of $30,000; (2) costs and attorney's fees pursuant to 17 U.S.C. § 505 in the amount of $1,041.20; and (3) injunctive relief pursuant to 17 U.S.C. §§ 502 and 503 prohibiting Defendant from further infringing on Plaintiff's rights in the motion picture and ordering Defendant to destroy all copies of the motion picture that Defendant has illegally downloaded or transferred onto any device within Defendant's possession or control. *See* Doc. No. 35.

II.     **STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 55(b)(1), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default." A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002). The Fourth Circuit has a "strong policy" that "cases be decided on the merits," *Dow*, 232 F. Supp. 2d at 494 (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive. *See S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F. Supp. 2d at 422. Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages ... because the defendant could not reasonably have expected that his damages would exceed that amount. *In re Genesys Data Tech., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981)).

While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F. Supp. 2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, Civ. No. WDQ-09-3174,

2010 WL 1568595, at *3 (D. Md. Apr.16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

### III. ANALYSIS

#### A. Liability for Copyright Infringement

In order to establish copyright infringement, a plaintiff must show: (1) ownership of the copyright, and (2) copying by the alleged defendant. *See Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 358 (4th Cir. 2000). Plaintiff has attached to its Complaint a copy of the internet screen shot from the U.S. Copyright Office's website evidencing that Plaintiff has registered the copyright at issue and has thereby obtained ownership rights. *See* Doc. No. 1 Ex. 2. Plaintiff has also alleged ownership of the copyright in its Complaint. *See* Compl. ¶ 11. Accordingly, Plaintiff has established the first prong of copyright infringement.

Additionally, Plaintiff has alleged that Defendant illegally downloaded and uploaded the copyrighted motion picture, thereby copying Plaintiff's work. Compl. ¶¶ 33-35. Because upon entry of default, the well-pleaded allegations in a complaint are taken as true, Plaintiff has established Defendant's liability for copyright infringement by default. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

#### B. Statutory Damages

Under the Copyright Act of 1976, § 504(c), a plaintiff who prevails on a claim of copyright infringement may elect to recover, instead of actual damages and profits, an award of statutory damages in a sum of not less than $750 or more than $30,000 per work infringed, as the Court considers just. 17 U.S.C. § 504(c)(1). Where the Plaintiff proves that the infringement was

committed willfully, the Court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. *Id.* § 504(c)(2).

Plaintiff requests damages in the amount of $30,000 for willful infringement of its motion picture. *See* Doc. No. 35 at 8. Plaintiff contends that this amount is reasonable when considering that Plaintiff's actual damages far exceed this sum. *Id.* Although Plaintiff does not specify the amount of actual damages it has suffered from Defendant's infringement, it contends that Defendant materially aided other participants on BitTorrent as part of a swarm of thousands of infringers, from whom Plaintiff collectively has lost sales far in excess of $30,000. *Id.* at 9.

The Court has broad discretion in setting the amount of statutory damages under the Copyright Act. *Microsoft Corp. v. Grey Computer*, 910 F. Supp. 1077, 1091 (D. Md. 1995) (citing *Shell Oil Co. v. Commercial Petroleum, Inc.*, 928 F.2d 104, 108 (4th Cir. 1991)). In connection with the determination of enhanced statutory damages, courts have determined "willfulness" to mean that the infringer "either had actual knowledge that it was infringing the owner's copyrights or acted in reckless disregard of those rights." *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 271 F. Supp. 2d 737, 753 (D. Md. 2003) (citing *Brown v. McCormick*, 87 F. Supp. 2d 467, 482 (D. Md. 2000)). The determination "hinges on the alleged infringer's state of mind-whether the infringer knew that its particular use violated the owner's copyrights or willfully ignored the possibility." *Id.*

In the instant action, the Court finds it unnecessary to determine whether Defendant's infringement was "willful" because it finds that a statutory damages award of $6,000 pursuant to 17 U.S.C. § 504(c)(1) would sufficiently reimburse Plaintiff for Defendant's participation in the

infringing swarm and would adequately discourage wrongful conduct.[1] Plaintiff has pointed the Court to one case in which, under similar circumstances, the Court granted a statutory award of $30,000 against the defaulting defendant. *See Achte/Neunte Boll King Beteiligungs GMBH & Co KG v. Palmer*, No. 2:11-cv-70-FtM-29SPC, 2011 WL 4632597, at * 2 (M.D. Fla Oct. 6, 2011). However, the vast majority of courts to consider statutory damages in similar cases regarding copyright infringement by use of BitTorrent or other online media distribution systems have found damages of up to $6,000 per work to be sufficient. *See, e.g., Capitol Records, Inc. v. Mattingley*, 461 F. Supp. 2d 846, 853 (S.D. Ill 2006) (awarding statutory damages of $750 per infringement for a total amount of $3,750); *Disney Enters. v. Farmer*, 427 F. Supp. 2d 807, 817 (awarding statutory damages of $1,200 per infringement for a total award of $6,000); *UMG Recordings, Inc. v. Adams*, No. 08-cv-534-JPG, 2008 WL 4516309, at *1, *4 (S.D. Ill. Oct. 3, 2008) (awarding statutory damages of $750 per infringement for a total award of $6,000); *Carsagno*, 2007 WL 1655666, at *4 (awarding statutory damages of $6,000 in a nearly identical "John Doe" action); *Universal City Studios Prod., LLP v. Howell*, No. 3:06-cv-395-J-33TEM, 2007 WL 853471, at *2 (M.D. Fla. Mar. 16, 2007) (awarding statutory damages of $6,000 and listing other cases that held the same). Accordingly, the Court awards Plaintiff $6,000 in statutory damages pursuant to 17 U.S.C. § 504(c)(1).

C. <u>Attorney's Fees and Costs</u>

Plaintiff seeks attorney's fees in the amount of $500 and costs in the amount of $541.20, pursuant to 17 U.S.C. §505. Section 505 provides that "the court in its discretion may allow the recovery of full costs by or against any party ... the court may also award a reasonable attorney's

---

[1] The Court notes that Defendant's failure to appear and defend this action creates an inference of willfulness. *See Warner Bros. Entm't, Inc. v. Carsagno*, No. 06 cv 2676(NG)(RLM), 2007 WL 1655666, at *4 (E.D.N.Y. June 4, 2007) (citing cases holding the same).

fee to the prevailing party as part of the costs." 17 U.S.C. §505; *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 519 (1994). In support of Plaintiff's request, it has submitted the Declaration of Jon A. Hoppe, Esquire, and a breakdown of the costs and attorney's fees in this action. Doc. No. 35 Ex. 2 at 2. The Court finds Plaintiff's attorney's fee of $500 to be reasonable given the length and nature of this "John Doe" copyright action. The Court is also satisfied that the costs, which Plaintiff has enumerated, are reasonable and are all attributable to the enforcement of Plaintiff's copyright claim. Accordingly, Plaintiff will be awarded attorney's fees and costs totaling $1,041.20.

D.   Permanent Injunction

Finally, Plaintiff seeks a permanent injunction against Defendant pursuant to 17 U.S.C. §§ 502 and 503. Specifically, Plaintiff seeks to enjoin Defendant from directly, contributorily or indirectly infringing Plaintiff's rights in its motion picture, including by using the internet, BitTorrent, or any other online media distribution system to download or distribute the motion picture, or by making the motion picture available for distribution to the public without the authorization of Plaintiff. *See* Doc. No. 35 Ex. 3 at 3. Additionally, Plaintiff seeks a court order directing Defendant to destroy all copies of Plaintiff's motion picture that Defendant has downloaded onto any computer hard drive or server without Plaintiff authorization, or transferred onto any physical medium or device in Defendant's possession, custody, or control. *Id.*

Section 502(a) provides that "[a]ny court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Section

503(b) additionally provides that "the court may order the destruction … of all copies … found to have been made or used in violation of the copyright owner's exclusive rights …[.]" 17 U.S.C. § 503(b). Courts are likely to issue injunctive relief "if liability is established and a continuing threat to a copyright exists." *See Jobete Music Co. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1092 (S.D. Ohio 2003); *see also Warner Bros. Records, Inc., v. Novak*, Civ. No. 06-5342 (FLW), 2007 WL 1381748, at *3 (D.N.J. May 9, 2007) ("the Court finds that a permanent injunction is appropriate and reasonable given Defendant's continuing infringement on Plaintiff's sound recordings, and Defendant's failure to respond to Plaintiffs' Complaint."). "Courts also regularly issue injunctions as part of default judgments." *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (granting a permanent injunction as part of a default judgment in a copyright infringement case) (citation omitted).

In the instant action, Plaintiff has properly alleged that once Defendant "has downloaded the full file, [Defendant] becomes known as an 'additional seed'" and "continues to distribute the torrent file, here the copyrighted Movie/Work." Compl. ¶ 35. This suggests that Defendant's copyright infringement is ongoing, and that absent a permanent injunction, Defendant will likely continue illegally distributing Plaintiff's motion picture. Given the nature of the BitTorrent system, the Court finds that a permanent injunction is necessary to protect Plaintiff's ownership rights in this instance. Accordingly, The Court grants the permanent injunction requested by Plaintiff pursuant to 17 U.S.C. §§ 502 and 503.

IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment will be granted, and judgment will be entered in Plaintiff's favor in the total amount of $7,041.20 against Defendant

Beverly J. Sangster. Defendant is additionally enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in "Big Wet Asses 17". A separate Order will follow.

February 8, 2012
Date

/s/
Alexander Williams, Jr.
United States District Judge